HARRY PERLOFF v. ISLAND DEVELOPMENT COMPANY.

Decided May 10, 1926.

**Sale of Real Estate—Verbal Agreement and Payment of Cash Deposit—Dispute Over Terms of Further Payments and Plaintiff Rescinds and Demands Return of Deposit—Defendant Pleads Terms of Agreement and Presents Factual Situation Not to be Decided by the Court—Parol Agreement for Sale of Lands Cannot be Enforced—If Defendant Refuses to Perform, Plaintiff May Recover Moneys Paid—If Defendant is Ready to Perform He is Entitled to do so and is Not Liable to Repay Deposit—The Terms of Contract, Accordingly, Must be Settled—Answer Will Not be Stricken Out.**

On motion to strike out answer and for rule for summary judgment.

For the plaintiff, *Riggins & Davis.*

For the defendant, *Thompson & Hanstein.*

The opinion of the court was delivered by

CAMPBELL, J. The complaint alleges—

1. That on June 15th, 1925, plaintiff paid to defendant $7,800, being ten per cent. of the purchase price of $78,000 for twenty-two (22) lots to be conveyed to the plaintiff.

2. That the agreement was verbal and beyond the payment of $7,800; the balance of the purchase price was to be secured to defendant by a bond and mortgage for the term of three years, without interest, with all taxes to be paid by the defendant.

3. That on July 20th, 1925, plaintiff received from defendant written, unexecuted contracts of sale for such lots, naming plaintiff and his wife as purchasers and the defendant as seller, and that the terms of purchase set forth therein are not the terms verbally agreed upon, but provided for stated payments over a period of time until fifty per cent.

of the purchase price had been paid with the remaining fifty per cent. to be secured by a bond and mortgage payable in three years.

4. Upon discovering this variance between the oral agreement and the proposed written agreements plaintiff demanded of defendant the return of the $7,800 paid, and rescinded his agreement to purchase, and defendant refused to return the said sum of $7,800.

This defendant answered and has asked leave to file an amended answer. I will consider the amended answer, as it is in all particulars identical with the original answer, with the exception of the addition of paragraphs 4 and 5 to the affirmative defenses.

The answer generally denies all the allegations of the complaint.

Under affirmative defenses the defendant pleads—

1. The cause of action is within the statute of frauds.

2. The terms of purchase were—

Ten per cent. on making the contract.

Ten per cent. in three months.

Ten per cent. in six months.

Ten per cent. in nine months.

Ten per cent. in twelve months, and balance to be secured by a purchase-money mortgage payable in three years.

3. Plaintiff's laches in repudiating contract prohibited him in so doing.

4. Any contract as alleged by plaintiff was without authority of the board of directors of the defendant.

5. Defendant has been at all times and is willing to perform its contract with the plaintiff, and has never defaulted therein.

A motion has been made to strike out the answer and for summary judgment.

The notice of such motion sets forth—

1. That the general denial contained in it is "frivolous, impertinent and untrue, and is so framed as to hinder, embarrass and delay a fair trial."

2. That as to each of the affirmative defenses they set forth "no valid, legal, just and meritorious defense." Affidavits in support and in opposition to the motion have been presented.

Defendant urges that this is not the class of action in which a proceeding to strike out the answer and enter summary judgment may be had. While the conclusion reached makes a finding upon this point unnecessary, yet I think there can be no question as to the right to have such remedy. Rule 57 of the Practice act of 1912 and rule 80 of this court, adopted in pursuance thereof, provide "when an answer is filed in an action brought to recover a debt or *liquidated demand* arising—

"(a) Upon a contract, express or implied, sealed or not sealed * * *."

The demand, $7,800, is liquidated, being the sum paid to defendant on account of the purchase price, and, if there be a right of recovery, it is upon an implied contract in law.

But I conclude that the motion to strike out the answer cannot prevail.

Without going into any extended details, the situation is this—

1. Plaintiff alleges a parol agreement of purchase upon certain definite terms.

2. Defendant, at least, denies that the terms of purchase, as alleged by the plaintiff, are, in fact, the terms.

3. From the affidavit proofs upon this motion it may be that defendant will contend that the agreement did not rest in parol, but took the form of a written memorandum known as an Agent's Receipt.

These are all factual questions which, in my judgment, should not be decided by me upon this motion upon the affidavit proofs before me.

The primary legal principles involved in this matter, apparently, are—

1. That a parol agreement for the sale and purchase of lands is void and cannot be enforced.

2. If the defendant refused to perform such agreement the plaintiff may have his action to recover the moneys paid to defendant. *Smith* v. *Smith,* 28 *N. J. L.* 208 (at *pp.* 216, 217), and cases therein cited; *Eaton* v. *Eaton,* 35 *Id.* 290 (at *p.* 293).

In 27 *C. J.* 350, § 438, it is said: "When the vendor under an oral contract declines to perform and sets up the statute of frauds, an action at law will lie against him for any part of the purchase price which he has received * * *. It is essential to a recovery under the rule that the payment shall have inured to the benefit of defendant; that plaintiff shall not have received the value of the payment from use and occupation or other benefits, and that defendant shall have refused to perform. If the defendant is ready, able and willing to perform his part of the contract he is entitled to do so, and is not liable upon an implied contract to repay what he has received under the contract."

So, it will be readily seen that it is important ·to determine what the contract between the parties is, and, that being determined, then whether defendant has or does refuse to perform according to its terms, or whether, for want of meeting of minds or other cause, no contract arose.

These are all matters involving serious and important questions of fact, requiring solution by a jury under proper instructions as to law applicable.

The application for leave to file the amended answer is granted, and, as this motion has been dealt with as if relating to the amended answer, the motion to strike it out is denied.